JUAN CORUJO COLLAZO, demandante y recurrido, *v.* ÁNGEL VIERA MARTÍNEZ, PRESIDENTE DE LA CÁMARA DE REPRESENTANTES DE PUERTO RICO, CRISTINO BERNAZARD, SECRETARIO DE LA CÁMARA DE REPRESENTANTES y OTROS, peticionarios.

*Número:* O-81-462 *Resuelto:* 5 de octubre de 1981

*Héctor Urgell Cuebas*, abogado de los peticionarios; *Pedro E. Ortiz Álvarez, Guillermo Mojica Maldonado y Carlos Acevedo Lazarini*, abogados del recurrido.

PER CURIAM: Se nos pide que dejemos sin efecto una orden de interdicto preliminar mediante la cual el Tribunal Superior dispuso que los peticionarios se abstuvieran de interferir con las funciones legislativas del demandante, Sr. Juan Corujo Collazo, como Representante a la Cámara por el Distrito Representativo Núm. 31. En su dictamen el tribunal ordenó, además, que se incluyera al Representante Corujo Collazo en la nómina del Cuerpo desde que juramentara su cargo, y decretó la nulidad de la actuación del Presidente de la Cámara al encomendar a la Comisión de Gobierno de dicho Cuerpo que investigara la elección del señor Corujo Collazo sin que mediara previamente un mandato del Cuerpo a esos fines.

Los antecedentes de la presente controversia están expresados en nuestra opinión en *P.P.D.* v. *Gobernador*, 111 D.P.R. 8 (1981). Con motivo de la muerte del Representante electo por el Partido Popular Democrático por el Distrito Representativo Núm. 31 se suscitó una controversia en cuanto al modo de cubrir dicha vacante, que resolvimos mediante una interpretación estatutaria de los Arts. 5.006 y 5.007 de la Ley Electoral vigente. 16 L.P.R.A. secs. 3206 y 3207. Reconocimos que uno de los modos de cubrirla es que, si el partido al cual pertenecía el legislador del escaño vacante presenta a la Comisión Estatal de Elecciones, dentro del período de sesenta días de surgir la vacante, una candidatura que se limita a un solo candidato, éste deberá ser certificado por el Administrador General de Elecciones como la persona con derecho a ocuparlo.

Allí accedimos a suspender los efectos de este dictamen para que la parte perdidosa pudiese hacer las gestiones de rigor en el Tribunal Supremo de Estados Unidos tendente a paralizar la ejecución de nuestra sentencia. Posterior-

mente el Tribunal Supremo de Estados Unidos en pleno denegó la paralización de los procedimientos, *Rodríguez* v. *Popular Democratic Party*, 453 U.S. 907 (1981), y nuestra sentencia devino ejecutable.

Devuelto el mandato, el Partido Popular Democrático presentó oportunamente una candidatura a la Comisión Estatal de Elecciones compuesta por un solo candidato, a saber, el señor Juan Corujo Collazo. Actuando de conformidad con nuestro dictamen en *P.P.D.* v. *Gobernador*, supra, el Administrador General de Elecciones lo certificó como la persona con derecho a ocupar el escaño vacante por el Distrito Representativo Núm. 31.

En virtud de tal certificación, el 6 de julio de 1981 el Secretario de la Cámara de Representantes juramentó al señor Corujo Collazo como Representante a la Cámara. Dos días después, el Presidente del Cuerpo, Hon. Ángel Viera Martínez, a petición de cinco representantes ordenó a la Comisión de Gobierno de la Cámara que investigara el juramento y toma de posesión del Representante Corujo Collazo. Ordenó igualmente al Jefe de la Oficina de Personal que se abstuviera de incluirlo en la nómina del Cuerpo y al Jefe de Presupuesto y Finanzas que se abstuviera de pagarle el sueldo, asignarle teléfono y sellos, pagar dietas o hacer cualquier otro desembolso producido por el señor Corujo. Al Secretario del Cuerpo le ordenó que se abstuviera de llevar a cabo cualquier acto adicional relacionado con el señor Corujo Collazo posterior al juramento de éste. Todas estas actuaciones del Presidente de la Cámara, así como la de los funcionarios mencionados, son las que anulan el interdicto preliminar decretado por el tribunal de instancia.

I

El primer señalamiento de error se circunscribe a un tecnicismo procesal relativo al diligenciamiento de la orden que expidió el tribunal de instancia para que los

demandados comparecieran en determinada fecha y hora a una vista para que mostraran causa por la cual el tribunal no debía acceder a lo solicitado por el demandante en su petición de *injunction* preliminar.

De los autos surge que una vez los demandados fueron notificados personalmente de la referida orden comparecieron a la vista señalada e impugnaron la jurisdicción del tribunal para conocer del asunto, a base de que la orden no le fue igualmente notificada al Secretario de Justicia tal y como manda la Regla 4.4(g) de Procedimiento Civil.(1) El tribunal rechazó el planteamiento y resolvió que los demandados "no son los funcionarios . . . que contempla la Regla 4.4(g)".

 El procedimiento a seguir en los casos de *injunction* es el que dispone la Regla 57 de Procedimiento Civil. Las demás reglas solo aplican de modo supletorio siempre y cuando no desvirtúen el carácter sumario del recurso. *Cf. Disdier Pacheco v. García,* 101 D.P.R. 541 (1973). Como la Regla 57.1(a) requiere solamente que el auto de *injunction* preliminar se notifique a la parte adversa y no señala el modo de hacer su diligenciamiento, debemos remitirnos a la Regla 4.4, que regula el modo de diligenciar el emplazamiento en las acciones civiles ordinarias,

---

(1) Dispone así la Regla:

"Regla 4.4. *Diligenciamiento personal*

"El emplazamiento en [y] la demanda se diligenciará[n] conjuntamente. El demandante proporcionará a la persona que haga el diligenciamiento las copias necesarias. Dicha persona, al entregar la copia del emplazamiento, hará constar al dorso de aquélla sobre su firma, la fecha y el lugar de dicha entrega y el nombre de la persona a quien se hizo la misma. El diligenciamiento se hará de la manera siguiente:

. . . . . . .

"(g) A un funcionario o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o al jefe ejecutivo de dicha instrumentalidad y al Secretario de Justicia o a una persona designada por éste. Si la instrumentalidad fuere una corporación pública, entregando las copias a tenor con lo dispuesto en la Regla 4.4(e)."

pues en este caso en particular lo exigido en dicha regla no es incompatible con el carácter sumario del recurso.

■ Los peticionarios aducen que en este caso el diligenciamiento se rige por el inciso g de la Regla 4.4 que es el aplicable cuando se trata de funcionarios del Estado. Este inciso dispone la entrega personal de la demanda y el emplazamiento tanto al funcionario demandado como al Secretario de Justicia. Sin embargo, a nuestro juicio, el hecho de que el demandado sea funcionario del Estado no produce automáticamente la aplicación del requisito de notificación al Secretario. Para que éste aplique es necesario que la ley sustantiva, no las reglas procesales, le impongan afirmativamente al Secretario de Justicia la obligación de representar al funcionario demandado.

■ El Secretario de Justicia (antes Procurador General) viene obligado por ley a representar al Estado Libre Asociado en todas las demandas y procesos civiles o criminales en que fuere parte el Estado, conforme lo dispone el Código Político desde 1902. 3 L.P.R.A. sec. 72. La referida disposición del Código Político de 1902 originalmente concedía al Procurador General (hoy Secretario de Justicia) la facultad *exclusiva* para representar en las causas civiles tanto al Pueblo de Puerto Rico como a todo funcionario, empleado o agente del Gobierno Insular que demandare o fuere demandado en su carácter oficial. *Estatutos Revisados y Códigos de Puerto Rico*, 1902, Código Político, Art. 64, pág. 349. Pero en 1906 la facultad del Procurador General fue limitada a la representación *exclusiva* del Estado, y se transfirió al Gobernador y a los jefes de departamento en su caso, la facultad de decidir cuándo el Procurador General debía asumir la representación de los funcionarios. Ley de 8 de marzo de 1906, Sec. 1. En otras palabras, el Gobernador en su discreción podía requerir al Procurador General que representara a cualquier funcionario del Pueblo de Puerto Rico, y cualquier jefe de departamento podía hacer lo propio respecto a

cualquier funcionario del departamento que le correspondía.

El texto de la citada Ley de 1906 se ha mantenido igual hasta el presente, con la facultad discrecional del Gobernador de solicitar al Secretario de Justicia la representación de funcionarios, excepto que durante el período que rigió la Carta Orgánica de 1917, o sea hasta que entró en vigor la Constitución del Estado Libre Asociado de Puerto Rico en 1952, la facultad del Procurador General (hoy Secretario de Justicia) quedó ampliada para intervenir en representación de un funcionario debidamente constituido del Pueblo de Puerto Rico "si a su juicio los intereses públicos lo requieren". (²) Ley del Congreso, de 2 de marzo del 1917, Cap. 145, 39 Stat. 951; Carta Orgánica de 1917, Sec. 14. Pero la discreción concedida por la Carta Orgánica al Procurador General para representar funcionarios si los intereses públicos lo requerían fue eliminada al aprobarse la Constitución en 1952, quedando únicamente en pie lo dispuesto por el Código Político.

Mientras regía la Carta Orgánica de 1917, que concedía facultad al Procurador General para intervenir, respecto a funcionarios gubernamentales "si a su juicio los intereses públicos lo requieren", se aprobaron las Reglas de Procedimiento Civil en 1943, que sólo exigían que las demandas contra funcionarios debían notificárseles junto al emplazamiento. No se incorporó el requisito de notificar al Procurador General. Regla 4(d)(6) de las de Procedimiento Civil de 1943. Esto es, a pesar de la posibilidad de que el Procurador General pudiera intervenir, conforme la situación especial contemplada por la Carta Orgánica, las reglas de procedimiento no exigían se le notificara.

La Constitución de Puerto Rico, como señalamos antes, eliminó la discreción que concedía la Carta Orgánica al

---

(²) Ante el Tribunal Supremo de Puerto Rico la facultad del Procurador General para representar funcionarios era exclusiva bajo la Carta Orgánica de 1917, no obstante lo que disponía el Código Político.

Secretario de Justicia para representar funcionarios gubernamentales cuando los intereses públicos lo requirieren. Quedó, pues, en vigor el Código Político, que le concedía esa facultad discrecional al Gobernador y no al Secretario de Justicia. No fue hasta el año 1958 que las nuevas reglas de procedimiento incorporaron por primera vez el requisito de que el Secretario de Justicia sea notificado de cualquier demanda contra un funcionario gubernamental. Tal requisito se mantuvo en las vigentes Reglas de 1979.

Comoquiera que las reglas sobre diligenciamiento personal fueron adoptadas de la Regla 4(d) federal, hemos acudido a dicha jurisdicción en búsqueda de algún fundamento para notificar al Secretario de Justicia. Allí encontramos que en el caso de un funcionario gubernamental debe notificarse a los Estados Unidos y al funcionario, con copia de la demanda y del emplazamiento. 28 U.S.C.A. Regla 4(d)(5). Ello quiere decir que debe notificarse al Fiscal del distrito en que se insta la acción, y al *Attorney General* de los Estados Unidos. Regla 4(d)(4). La razón para ello es que la ley sustantiva federal dispone que el trámite de todo litigio en que los Estados Unidos, una agencia o un funcionario gubernamental sean parte o estén interesados, así como la obtención de evidencia correspondiente, están reservados a los funcionarios del Departamento de Justicia, bajo la dirección del *Attorney General*. 28 U.S.C.A. sec. 516; *Richter* v. *United States*, 190 F.Supp. 159 (1960), confirmada 296 F.2d 509, *cert.* denegado 369 U.S. 828 (1962).

En nuestra jurisdicción el Secretario de Justicia, por el contrario, no tiene facultad para representar a un funcionario gubernamental a menos que sea requerido para ello por el Gobernador, conforme lo exige el Art. 64 del Código Político, o a menos que tal facultad se le conceda por ley. Presumiendo, sin aceptarlo, que el Presidente de la Cámara de Representantes y los otros funcionarios de dicho Cuerpo, fueren los funcionarios gubernamentales

que menciona la Regla 4.4(g) de las de Procedimiento Civil para los fines de que cualquier demanda contra ellos sea notificada al Secretario de Justicia, consideramos que tal notificación es superflua por no tener el Secretario de Justicia facultad para representar a dicho funcionario a menos que sea requerido para ello por el Gobernador. El requisito de notificación en la jurisdicción federal responde a una exigencia de ley sustantiva por ser el *Attorney General* el funcionario responsable de entender en todos los litigios del gobierno federal, que incluyen específicamente las acciones contra funcionarios gubernamentales. La disposición sustantiva equivalente en nuestra jurisdicción no confiere al Secretario de Justicia la facultad de representar a los funcionarios de gobierno, sino que confiere al Gobernador la facultad discrecional de hacer tal decisión. La falta de notificación al Secretario de Justicia, pues, no priva al Tribunal Superior de jurisdicción para entender en esta causa.(³) La situación hubiera sido distinta si el Estado hubiera sido parte.

## II

Tampoco se cometieron los errores referentes al alcance de la acción tomada. Aunque se nos argumenta lo contrario, es indudable que las actuaciones del Presidente de la Cámara tienen el efecto de *excluir* de dicho Cuerpo a un representante debidamente certificado como tal por el organismo en el que la ley delega tal función. La prerrogativa de excluir, así como la de expulsar a uno de sus miembros, corresponde a la Cámara de Representantes como Cuerpo, no a su presidente, mediante el voto afirmativo y directo de sus miembros en la proporción que determinan la Constitución y nuestra jurisprudencia para

---

(³) Nótese, sin embargo, que las disposiciones de ley referentes a las reclamaciones y acciones contra el Estado —32 L.P.R.A. sec. 3077 *et seq.*— específicamente establecen como requisito de estricto cumplimiento la notificación al Secretario de Justicia antes de iniciar acción judicial, sec. 3077a, y sujetan el trámite a las Reglas de Procedimiento Civil, sec. 3080.

uno y otro caso. Art. III, Sec. 9, y *Santa Aponte* v. *Srio. del Senado*, 105 D.P.R. 750, 763 (1977). No existe constitucionalmente una concesión de poder al Presidente del Cuerpo para exclusión de un legislador, ni puede la Cámara delegar su facultad constitucional. Ello explica por qué el estatuto que invoca el peticionario[4] no puede concederle aquellas facultades que la Constitución confiere con exclusividad a la Cámara como Cuerpo. Por ello la Constitución impide al Presidente de la Cámara el designar un Comité para investigar la capacidad legal de uno de sus miembros o la validez de las actas o del escrutinio de su elección. Ello, repetimos, requiere cumplimiento estricto del trámite constitucional mediante la actuación de la Cámara de Representantes.

Sobre este extremo, aun si hubiese mediado un acuerdo previo tomado por la mayoría de los miembros de la Cámara reunida en sesión en el ejercicio de la prerrogativa que la propia Constitución le reconoce de ser el único juez de la elección de sus miembros, el señor Juan Corujo Collazo tendría derecho a ocupar su escaño hasta tanto se investigara todo lo relacionado con su juramentación y toma de posesión. *Santa Aponte*, supra, págs. 765–766. En el caso de autos, el Administrador General de Elecciones Interino, actuando de conformidad con nuestro dictamen en *P.P.D.* v. *Gobernador*, supra, certificó al señor Corujo Collazo como Representante a la Cámara. Tal certi-

---

(4) El peticionario se refiere al Art. 3 de la Ley Núm. 97 de 19 de junio de 1968 (2 L.P.R.A. sec. 30), que en su primer párrafo dispone:

"Cuando el Senado o la Cámara de Representantes no estuvieren reunidos en sesión ordinaria o extraordinaria, o cuando no hubiere sesión alguna de las Cámaras cualquier Comisión podrá reunirse con la aprobación previa del Presidente de la Cámara concernida, o de ambas si la Comisión fuere conjunta, siempre que mediare una encomienda expresa para que la Comisión estudie o investigue un asunto o que surgiere un asunto de extraordinaria importancia que requiera atención inmediata a juicio del Presidente de la Cámara correspondiente. El Secretario del Senado o de la Cámara de Representantes, o ambos, según fuere el caso, serán notificados de la citación de toda reunión así convocada."

ficación está rodeada de la presunción que establece la Regla 16(14) de Evidencia a los fines de que "una persona en posesión de un cargo público, fue elegida o nombrada para dicho cargo, en debida forma". En *Santa Aponte* expresamos que las presunciones legales "están formuladas y revestidas de un claro interés público pues brindan eficacia a dos postulados constitucionales, a saber: la adecuada representación de electores del Distrito [Senatorial o Representativo en cuestión] y la composición y estabilidad inicial de la Rama Legislativa". Pág. 766.

La exclusión del Representante Corujo Collazo ordenada por el Presidente de la Cámara tiene el efecto de obtener por ese medio lo que la parte perdidosa en *P.P.D.* v. *Gobernador*, supra, no logró del Tribunal Supremo de los Estados Unidos, *i.e.*, la suspensión de los efectos de la sentencia dictada en dicho caso. Tal exclusión vulneraría derechos fundamentales de los habitantes del Distrito Representativo Núm. 31, ampliándose aún más el período de tiempo (ahora en exceso de nueve meses) en que éstos carecerían de adecuada representación.

*Los fundamentos expuestos nos llevan a concluir que no procede la expedición del auto solicitado. Se dictará resolución a ese efecto. Habiendo sido presentada simultáneamente con la petición de certiorari una moción en auxilio de jurisdicción, se tendrán por suspendidos los efectos de la orden dictada por el tribunal de instancia desde entonces hasta la fecha en que sea notificada la resolución.*

El Juez Asociado Señor Martín concurrió con el resultado en opinión separada. El Juez Asociado Señor Negrón García disintió con opinión.

—O—

Opinión concurrente del Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 5 de octubre de 1981

Concurro con el resultado a que llega la opinión del Tribunal en la parte I en el sentido de que no es necesario

notificar al Secretario de Justicia con copia de una demanda de *injunction* y de un emplazamiento dirigido contra el Presidente de la Cámara de Representantes y contra otros funcionarios de dicho Cuerpo Legislativo, ya que la representación legal de dichos funcionarios no puede ser asumida por el Secretario de Justicia a menos que le sea requerido por el Gobernador. Art. 64 del Código Político de Puerto Rico, 3 L.P.R.A. sec. 72. Sólo en los casos en que el Estado sea parte demandada debe notificarse al Secretario de Justicia. Regla 4.4(g) de las de. Procedimiento Civil. La actuación del Presidente de la Cámara en las circunstancias presentes en este caso no tiene el alcance de una función gubernamental que pueda dar margen a concluir que el pleito va dirigido esencialmente contra el Estado. Tal actuación debe ser analizada a la luz de las disposiciones constitucionales a que me refiero más adelante.

Concurro, además, con el resultado arribado en la parte II por entender que la facultad para excluir o expulsar a un miembro de la Cámara de Representantes debidamente certificado como electo reside exclusivamente en dicho Cuerpo por disposición constitucional. Constitución del Estado Libre Asociado de Puerto Rico, Art. III, Sec. 9. Cualquier actuación tendente a cuestionar la capacidad legal de sus miembros, la validez de las actas y del escrutinio de su elección que no sea adoptada por la Cámara de Representantes debidamente reunida carece de validez.

—O—

Opinión disidente del Juez Asociado Señor Negrón García.

San Juan, Puerto Rico, a 5 de octubre de 1981

Por su omisión en notificar su demanda al Secretario de Justicia el apelado Juan Corujo Collazo ha erigido, y no ha podido hasta el presente superar, un serio obstáculo jurisdiccional. Como consecuencia, anularíamos el inter-

dicto decretado y remitiríamos el caso al tribunal de instancia para que previa notificación a dicho funcionario, ese foro prontamente —en atención a la importancia pública del asunto— modificara o reiterara su dictamen.

No obstante la opinión mayoritaria reconocer que por interacción de la Regla 61 de las de Procedimiento Civil éstas son supletoriamente aplicables al procedimiento especial de *injunction* —en cuanto al ámbito de notificación y citación por no resultar incompatibles con el carácter sumario de la acción interdictal— rechaza la necesidad de citar al Secretario de Justicia aun cuando la Regla 4.4(g) *expresamente* lo exige. El razonamiento expuesto parte de la premisa de que *no* es parte del presente litigio el Estado Libre Asociado y que la regla sólo es extensiva a causas contra el Poder Ejecutivo. Respetuosamente creemos errónea esa interpretación.

Primero. No existe constancia alguna en el trámite e historial de su redacción y aprobación indicativo de que ello fuera así visualizado. En segundo lugar, el texto de la Regla 4.4(g) no conceptualiza ni apoya tal conclusión. Reza:

4.4. Diligenciamiento personal

El emplazamiento en [y] la demanda se diligenciará[n] conjuntamente. El demandante proporcionará a la persona que haga el diligenciamiento las copias necesarias. Dicha persona, al entregar la copia del emplazamiento, hará constar al dorso de aquélla sobre su firma, la fecha y el lugar de dicha entrega y el nombre de la persona a quien se hizo la misma. El diligenciamiento se hará de la manera siguiente:

. . . . . . . . .

(g) A un *funcionario* o a una *instrumentalidad del Estado Libre Asociado de Puerto Rico*, que no fuere una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o al jefe ejecutivo de dicha instrumentalidad *y al Secretario de Justicia o a una persona designada por éste*. Si la instrumentalidad fuere una corporación pública, entregando las copias a tenor con lo dispuesto en la Regla 4.4(e). (Énfasis nuestro.)

Sin dificultad alguna su lectura refleja varias observaciones. *Primeramente*, aplica a todo funcionario e instrumentalidad del E.L.A. *Segundo*, sólo excluye las corporaciones públicas. *Tercero*, no establece ninguna distinción o excepción en cuanto a funcionarios u otras instrumentalidades, sino que cubre a todos los que se encuentran en esa categoría. *Cuarto*, por deducción lógica su cobertura se extiende y refiere a acciones contra funcionarios *por actos oficiales* y no personales. *Quinto*, en los casos comprendidos —funcionarios o instrumentalidades del E.L.A.— conjuntamente siempre hay que notificar al Secretario de Justicia. Y *sexto*, el incumplimiento de este último trámite priva al foro judicial de jurisdicción sobre cualesquiera que fuere la parte demandada, independientemente de que se hubiese notificado al funcionario o la instrumentalidad. *Cf. Negrón* v. *Depto. Servicios Sociales*, 105 D.P.R. 873 (1977).

En el presente caso, los autos originales palmariamente demuestran que los demandados —el Presidente de la Cámara de Representantes de Puerto Rico, Hon. Ángel Viera Martínez, y los señores Cristino Bernazard, Francisco Cestero y Carlos J. Febo, Secretario, Jefe de la Oficina de Personal y Director de la Oficina de Presupuesto y Finanzas, respectivamente— *son funcionarios que pertenecen a una de las instrumentalidades constitucionales del E.L.A.* Tal condición es innegable y no precisa mucha elaboración. Basta recordar que la propia Constitución, al crear un gobierno de tipo republicano dividido en tres poderes —Legislativo, Ejecutivo y Judicial—,[1] clasifica la posición de los legisladores como un *cargo*,[2] *expresión que, en su acepción literal y contenido sustantivo, denota e implica la realización de unas funciones oficiales que precisamente nacen de la Rama Legislativa como instrumenta-*

---

[1] Art. I, Sec. 2.

[2] Art. III, Sec. 8.

*lidad* de gobierno encomendada de ejercitar y administrar parte de los poderes soberanos y públicos del Estado. La propia Convención Constituyente refrendó a "la Asamblea Legislativa como el *instrumento* que ha de ejercer el poder legislativo". (Énfasis nuestro.) *Diario de Sesiones*, 1961, T. 4, pág. 2579. Choca al sentido común y difícilmente puede sostenerse lo contrario.

Por ello no alcanzamos a comprender la diferenciación que se hace sobre la base de que la Regla 4.4(g) sólo se refiere a pleitos que sean en esencia acciones contra el Estado Libre Asociado y circunscrita a la Rama Ejecutiva. Tampoco vemos cómo puede afirmarse que el presente caso no es contra el Estado.

Las partes, alegaciones y el procedimiento habido en la causa derrota esa conclusión. Precisamente estamos ante una acción que busca remedios contra la actuación de unos funcionarios de una instrumentalidad del *Estado*: la Cámara. Adviértase que el demandante apelado Corujo Collazo ha demandado al Presidente, Secretario, Jefe de Personal y Director de Presupuesto y Finanzas y no a unas personas pertenecientes a una entidad privada o corporación pública. La demanda y el remedio están predicados y dirigidos contra ellos como *funcionarios* en su capacidad oficial y *no personal*. Nadie, ni siquiera las partes, han sugerido lo contrario o adelantado tal proposición. La oportuna ejecución del interdicto, de prevalecer, conllevará que al apelado Corujo se le reconozcan unos derechos y prerrogativas a implementarse exclusivamente con fondos, facilidades y personal públicos, dentro y fuera de la Cámara de Representantes, *que pertenecen al Estado Libre Asociado*. ¿Ante este cuadro fáctico, cómo puede concluirse que la acción no es esencialmente contra el Estado y que éste no es parte? ¿Cómo tramitarse sin la citación del Secretario de Justicia para que éste pueda decidir, según lo admite la mayoría, asumir o rechazar la representación legal? "Pretender lo contrario sería un

sofisma increíble. El Estado, como una corporación, es una figura jurídica que se compone de personas, bienes, derechos y deberes [. . . y que] por necesidad tiene que actuar, y actúa, a través de personas. . .". *García Colón* v. *Srio. de Hacienda*, 99 D.P.R. 779, 783 (1971).

No proponemos una superabundancia forense ni el cumplimiento riguroso y cabal de todas las disposiciones de la Regla 4.4 de las de Procedimiento Civil. Ciertamente, en cuanto a la forma, contenido y constancias de citación, no es de estricta aplicación. Nuestro disenso no se nutre de ese enfoque, sino de haberse omitido la simple, pero imperiosa gestión de notificación, *conjuntamente con los funcionarios de la Cámara y su Presidente, al Secretario de Justicia como abogado del Estado Libre Asociado de Puerto Rico*. Únicamente de ese modo podría viabilizarse que este último adviniera en conocimiento de la acción, la examinara y determinara si viene obligado o, por encomienda del Gobernador, si discrecionalmente debe comparecer en defensa de los intereses del Estado. La decisión de hoy consagra una arriesgada e imprecisa doctrina que requerirá en el futuro, en *injunctions* contra funcionarios del E.L.A., de la determinación a priori sobre si la acción "es esencialmente contra el Estado", y por tal razón debe citarse o no al Secretario de Justicia. ¿Puede entonces caracterizarse tal trámite como superfluo?

Recapitulando, la aplicabilidad del requisito de citación al Secretario de Justicia se impone en el caso de autos por varias vertientes: (1) por razón de ser los demandados funcionarios del Estado; (2) por razón de ser una causa por acciones oficiales, no personales; (3) por razón de ser la Cámara —aunque parte de un Poder Autónomo— una instrumentalidad del E.L.A. que ejerce uno de sus poderes soberanos; (4) por razón de ser una acción en que el Estado es parte, pues en última instancia será obligatoria y ejecutada contra empleados y sobre bienes del E.L.A.; y (5) por razón de que bajo la norma *objetiva* consignada en

la Regla 61, no es *incompatible con el trámite de injunction* —en casos como el que nos ocupa, en que se demandan a funcionarios de la Rama Legislativa o Judicial en su capacidad oficial— la observancia de la simple y sencilla gestión de notificar y citar al Secretario de Justicia.(3)

Por estas circunstancias opinamos que no hay jurisdicción para sostener el *injunction* en esta etapa.

---

(3) "[N]o se puede prescindir *en ningún caso* del requisito del emplazamiento ya que este requisito, puntal del debido proceso de ley, *es aplicable al injunction.* El considerarse el injunction como una acción civil, como cualquier otro pleito, según la Regla 2 de las de Procedimiento de 1979, *hay que cumplir con el requisito de la Regla 4 relativo al emplazamiento.*" H. A. Colón Cruz, *Notas Sobre Recursos Extraordinarios,* 42 Rev. C. Abo. P.R., 466 (1981). (Énfasis nuestro.)