FRENTE UNIDO INDEPENDENTISTA, peticionario, *v.* COMISIÓN ESTATAL DE ELECCIONES, recurrida.

*Número:* CE-89-597      *Resuelto:* 30 de abril de 1990

*Felipe Cirino Colón* y *Herminia Rodríguez Córdova,* abogados del peticionario; *Agustín Mangual Hernández,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Debemos resolver si al término de diez (10) días dispuesto en el Art. 1.016 de la Ley Electoral de Puerto Rico (en adelante Ley Electoral), Ley Núm. 3 de 10 de enero de 1983 (16 L.P.R.A. sec. 3016a), para recurrir al Tribunal Superior en revisión de las determinaciones administrativas de la Comisión Estatal de Elecciones (Comisión), le es aplicable el término adicional de tres (3) días provisto por la Regla 68.3 de Procedimiento Civil, 32 L.P.R.A.

Ap. III, cuando la determinación final de la Comisión se notifica por correo o si dicho término es de naturaleza jurisdiccional.

## I

Un grupo de ciudadanos del Municipio de Río Grande denominado "Frente Unido Independentista" (el Frente) solicitó a la Comisión que lo certificara como partido político local, por petición, para los precintos noventa y cinco (95) y noventa y seis (96) de ese municipio.

La Comisión denegó tal petición al sostener que estaba en contravención a lo dispuesto en la Sec. 2.4.2 del Reglamento para la Inscripción de Partidos Políticos por Petición, al haber utilizado parte del nombre de un partido político previamente inscrito, a saber, el Partido Independentista Puertorriqueño.

Dicha determinación fue certificada por el Secretario de la Comisión Estatal de Elecciones (Secretario) y notificada al recurrente, por correo ordinario, en *30 de marzo de 1989*.

Inconformes con la determinación de la Comisión, los ciudadanos acudieron al Tribunal Superior, Sala de Carolina, en solicitud de revisión *en 12 de abril de 1989*. Fundamentaron la jurisdicción del tribunal sobre su petición, en lo dispuesto por el Art. 1.016 de la Ley Electoral, *supra*.

El tribunal de instancia determinó que carecía de jurisdicción sobre el recurso por entender que el término de diez (10) días dispuesto en el citado Art. 1.016 para revisar la determinación de la Comisión era jurisdiccional y que por haber sido presentado el recurso de autos fuera de dicho término procedía su desestimación. Entendió, además, que a los recursos instados bajo el Art. 1.016 de la Ley Electoral, *supra*, no le era aplicable el plazo adicional de tres (3) días que provee la Regla 68.3 de Procedimiento Civil, *supra*, cuando la notificación de la determinación de la Comisión se efectúa por correo ordinario, como se hizo en autos.

No conforme con tal dictamen, el Frente acude ante nos para señalar como único error del foro de instancia el no haber considerado el plazo adicional de tres (3) días que concede al

recurrente la Regla 68.3 de Procedimiento Civil, *supra*, cuando la notificación se realiza por correo.

Oportunamente ordenamos a las partes que se expresaran al respecto. Las partes han comparecido. Resolvemos.

## II

■ Hemos sostenido reiteradamente que las Reglas de Procedimiento Civil aplican, como regla general, a las acciones civiles ordinarias y no a las de carácter especial. *Lucchetti v. Corte*, 66 D.P.R. 103, 104 (1946). Las acciones de carácter especial se tramitan, como regla general, de acuerdo con el estatuto correspondiente. Regla 61 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ Como excepción, hemos reconocido que las Reglas de Procedimiento Civil pueden utilizarse supletoriamente en algunas acciones incoadas al amparo de un estatuto especial —Regla 61 de Procedimiento Civil, *supra*; *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314, 321 (1975); *Corujo Collazo v. Viera Martínez*, 111 D.P.R. 552, 556 (1981); *Disdier Pacheco v. García*, 101 D.P.R. 541, 545 (1973)— siempre y cuando no se desvirtúe la naturaleza del procedimiento —*Díaz v. Hernández*, 75 D.P.R. 514, 517 (1953); *Corujo Collazo v. Viera Martínez*, supra; *Díaz v. Hotel Miramar Corp.*, supra— ni la ley disponga expresamente su inaplicabilidad. *Cf.* Art. 3C de la Ley Núm. 140 de 23 de julio de 1974, Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. sec. 2873. Recuérdese que algunas leyes especiales expresamente disponen para la aplicación de dichas reglas en todo aquello que no esté en conflicto con sus disposiciones específicas o con el carácter y naturaleza del procedimiento establecido por dicha ley especial. *Cf.* Sec. 1 de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 (sobre reclamaciones de salarios).

■ Al amparo de las anteriores Reglas de Procedimiento Civil de 1958 hemos resuelto que la Regla 68.4 anterior, que equivale a la vigente Regla 68.3 de Procedimiento Civil, *supra*,

sobre extensión de términos, no aplica a aquellos términos para presentar algún escrito en el Tribunal (como apelación o revisión) ni a ningún término que se cuente a partir del archivo en autos de copia de la notificación de la sentencia, orden o resolución. *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82 (1962).

■  Luego de un análisis cuidadoso del historial legislativo de la Ley Electoral concluimos que la intención legislativa fue expresamente la de eliminar la aplicación de las Reglas de Procedimiento Civil a los procedimientos electorales ante la Comisión, en especial en cuanto al cómputo de los términos provistos por dicha ley para la revisión judicial. Veamos.

## III

Originalmente, el Art. 8.032 de la Ley Electoral de Puerto Rico (Ley Electoral de 1977), Ley Núm. 4 de 20 de diciembre de 1977, disponía, en cuanto a los términos para la apelación de las decisiones de la Comisión ante el foro judicial, que:

> En el cómputo de los términos expresados en esta ley se seguirán las Reglas de Procedimiento Civil de Puerto Rico de 1958, enmendadas, excepto para los fijados en los Artículos 1.015 y 1.023, los cuales serán taxativos. 1977 Leyes de Puerto Rico 741.(1)

El Art. 1.023 de la Ley Electoral de 1977 (16 L.P.R.A. ant. sec. 3023), es el antecesor del Art. 1.016 de la Ley Electoral vigente, 16 L.P.R.A. sec. 3016a. Claro está, con la variante de que el Art. 1.023, *supra*, se refería a la revisión de las decisiones de la comisión ante la Junta Revisora Electoral (hoy eliminada), y el actual Art. 1.016, *supra*, se refiere a la revisión ante el Tribunal Superior.

Nótese que originalmente el término de cinco (5) días para apelar las decisiones de la Comisión, dispuesto en el citado Art.

---

(1) El Art. 1.015 de la Ley Electoral de Puerto Rico, Ley Núm. 4 de 20 de diciembre de 1977 (16 L.P.R.A. sec. 3015), se refería a los términos de los procedimientos dentro de la Comisión Estatal de Elecciones, y el Art. 1.023 (16 L.P.R.A. ant. sec. 3023) se refería al término para apelar las decisiones de dicha comisión ante la Junta Revisora Electoral existente bajo dicha ley.

1.023 era de carácter taxativo, esto es, por disposición del Art. 8.032 de la Ley Electoral de 1977, *supra,* no podía ser extendido por las disposiciones de las Reglas de Procedimiento Civil.

En virtud de la Resolución Conjunta Núm. 21 de 2 de julio de 1981 se creó una Comisión Especial para la Revisión del Proceso Electoral de Puerto Rico (Comisión Especial), compuesta por representantes de los tres (3) partidos políticos inscritos en el país, con el propósito de reexaminar los procedimientos electorales para promover enmiendas a la legislación existente, de manera que se perfeccionaran dichos procedimientos. Se consideró, entonces, que la introducción de procedimientos nuevos así como la experiencia adquirida en los comicios electorales anteriores así lo exigían.

El informe de esa Comisión Especial dio fundamento para la aprobación de la Ley Electoral vigente (comúnmente conocida como la Reforma Electoral de 1983). Esta ley enmendó sustancialmente la Ley Núm. 4, *supra.* Véanse: Informe de la Comisión Especial para la Revisión del Proceso Electoral de Puerto Rico de 17 de mayo de 1982; S. Quiñones García, *Los antecedentes de la distribución interpartidista del poder en la estructura administrativa de la Comisión Estatal de Elecciones,* 57 Rev. Jur. U.P.R. 317 (1988).

La Sec. 21 de la Ley Núm. 3, *supra,* derogó el anterior Art. 1.023 de la Ley Núm. 4, *supra.* Sin embargo, dispuso en su Sec. 27 que:

> En el *cómputo de los términos* expresados en este Subtítulo se seguirán las Reglas de Procedimiento Civil de Puerto Rico de 1979, enmendadas, *excepto para los fijados en las secs.* 3015 y 3023 de este título, los cuales serán taxativos. (Énfasis suplido.) 16 L.P.R.A. sec. 3380.

■ Por un lapsus, el legislador dispuso que las Reglas de Procedimiento Civil no aplicarían a los términos del Art. 1.023 de la Ley Electoral de 1977, *supra,* artículo que la propia ley había derogado. Para dar efectividad racional al propósito legislativo, debe entenderse que la referencia a la sec. 3023 en la Sec. 27 de la Ley Núm. 3, *supra,* se hizo por inadvertencia y debe referirse

al Art. 1.016 de la Ley Electoral vigente, *supra*, aquí en controversia. Ello es así ya que, como vimos, el derogado Art. 1.023, *supra*, es el antecesor inmediato del mencionado Art. 1.016. Ambos artículos, aunque se refieren a distintos foros, tratan de la misma materia: la regulación del procedimiento y los términos para revisar las determinaciones de la Comisión.

El alto interés público en este tipo de procedimiento nos permite corregir este error involuntario del legislador mediante la interpretación antes expuesta. Tal regla de hermenéutica legal no es nueva. En ocasiones anteriores hemos interpretado el estatuto frente a una omisión que hacía figurar una palabra en singular cuando debía ser en plural (*Ortiz et al. v. Rivera et al.*, 26 D.P.R. 332 (1918)); suplantamos unas palabras omitidas en la ley por considerar que se trataba de un error oficinesco contrario a la voluntad del legislador (*F. Bacó Soria & Hno. v. Tribunal de Contribuciones*, 64 D.P.R. 87 (1944)), y en otra ocasión indicamos que era una inadvertencia que debía curarse para que adquiriese efectividad racional el verdadero propósito legislativo (*Atiles, Admor. v. Comisión Industrial*, 77 D.P.R. 16 (1954)). Más aún, recientemente hemos corregido errores involuntarios; entre estos, los casos siguientes: *Cancora Marina, Inc. v. Srio. de Hacienda*, 114 D.P.R. 248 (1983); *Passalacqua v. Mun. de San Juan*, 116 D.P.R. 618 (1985); *Xerox Corp. v. Srio. de Hacienda*, 115 D.P.R. 668 (1984); *Bucaré Management v. Arriaga García*, 125 D.P.R. 153 (1990). Véase, además, R. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, págs. 311–313.

## IV

■ Por ser ello así, concluimos que al término de diez (10) días fijado en el Art. 1.016 de la Ley Electoral, *supra*, no le aplican las Reglas de Procedimiento Civil en lo relativo al cómputo de los términos y, en especial, la citada Regla 68.3 de Procedimiento Civil sobre la extensión del término por tres (3) días cuando la notificación de la resolución administrativa se realiza por correo.

Esto es así, pues la Ley Electoral es un estatuto especial cuya Sec. 27, *supra*, expresamente dispone la inaplicabilidad de dichas reglas en cuanto al cómputo de los términos a la revisión de las decisiones de la Comisión. Art. 1.016 de la Ley Electoral vigente, *supra*.

Además, abona a nuestra conclusión la naturaleza del procedimiento de revisión de las determinaciones administrativas de la Comisión ante el Tribunal Superior y los *términos cortos* que allí se establecen. *Cf. Hosp. San Pablo v. Hosp. Hnos. Meléndez*, 123 D.P.R. 720 (1989). Veamos.

■ El Art. 1.016 de la Ley Electoral vigente, *supra*, dispone:

"Artículo 1.016. —Revisión de las decisiones de la Comisión.—

Cualquier parte afectada por una resolución, determinación y orden de la Comisión Estatal podrá *dentro de los diez (10) días* siguientes a la notificación de la misma recurrir ante el Tribunal Superior mediante la radicación de un escrito de Revisión. La parte promovente tendrá la responsabilidad de notificar copia del escrito de Revisión a la Comisión Estatal y a cualquier parte afectada.

El Tribunal Superior celebrará una vista en su fondo, recibirá evidencia y formulará las determinaciones de hecho y conclusiones de derecho que correspondan. El Tribunal deberá resolver dicha Revisión dentro de un *término no mayor de veinte (20) días*, contados a partir de la fecha de sometida la misma.

Dentro de los *treinta (30) días* anteriores a un evento electoral *el término para radicar el escrito de Revisión será de veinticuatro (24) horas* y aquél para resolverla *no mayor de cinco (5) días*, luego de sometido el caso.

Todo asunto o controversia que surja dentro de los *cinco (5) días* previos a la celebración de una elección deberá resolverse *no más tarde del día siguiente a su radicación*.

Los casos de impugnación de una elección, se verán ante un Juez Superior, en el distrito judicial correspondiente. Disponiéndose, que para las elecciones generales el Juez Presidente del Tribunal Supremo de Puerto Rico designará al Juez Superior, ante el cual se verán dichos casos, con tres (3) meses de antelación a la fecha de las elecciones de que se trate, debiendo dar una notificación escrita de dicha designación con especificación del distrito judicial a que correspondan, a la Comisión Estatal de Elecciones.

318

*Los términos dispuestos en este artículo serán mandatorios."*
(Énfasis suplido.) 1983 Leyes de Puerto Rico 405–406.

La ley, al establecer estos términos cortos para recurrir al Tribunal y para que éste resuelva las revisiones de las determinaciones de la Comisión, dispone para la pronta tramitación de las cuestiones electorales.

■ Desde la aprobación de nuestras primeras leyes electorales, el legislador ha dispuesto términos cortos para salvaguardar los derechos de cualquier elector o agrupación de electores y vindicar los derechos que entienda que el organismo electoral le ha violado. R. Schmidt Monge, *Notas sobre Derecho Electoral Puertorriqueño*, 40 Rev. C. Abo. P.R. 535 (1979).

■ El proceso electoral en nuestro sistema democrático está revestido de un alto interés público. *Escalona Vicenty v. C.E.E.*, 115 D.P.R. 529 (1984). Ello requiere diligencia en la presentación de los reclamos de los electores, de manera que se eviten dilaciones y demoras innecesarias que entorpezcan el proceso electoral y promuevan la incertidumbre de derechos.

V

Lo anterior nos lleva a examinar, además, si el término de diez (10) días que tiene una parte afectada por una determinación de la Comisión para revisarla es o no de carácter jurisdiccional.[2]

---

(2) En *Gobernador de P.R. v. Alcalde de Juncos*, 121 D.P.R. 522 (1988), se planteaba si el término de treinta (30) días provisto por el Art. 5.05 de la Ley Núm. 146 de 18 de junio de 1980 (21 L.P.R.A. sec. 3015), era de carácter jurisdiccional o si por el contrario podía ser ampliado cuando se notificaba la decisión por correo. Allí resolvimos que el término de treinta (30) días dispuesto en el citado Art. 5.05, para recurrir al Tribunal Superior en revisión de una decisión de la Comisión para Ventilar Querellas Municipales, era de carácter jurisdiccional. Al respecto expresamos: "el término de treinta (30) días para recurrir al Tribunal Superior de la decisión de la Comisión es de naturaleza jurisdiccional, es ineludible concluir que éste no puede ser ampliado tres (3) días cuando la notificación es enviada por correo. Regla 68.3 de Procedimiento Civil, *supra. La razón es sencilla. Cuando un término es de naturaleza jurisdiccional, dicho término no puede ser ampliado tres (3) días cuando la notificación se realiza por correo. En esas circunstancias no es aplicable la Regla 68.3 de Procedimiento Civil, supra. Esta norma de carácter*

Para determinar el carácter jurisdiccional del término dispuesto en ley para revisar judicialmente una determinación administrativa o judicial debemos acudir, en primer lugar, a la letra del estatuto. *Cf. González Santos v. Bourns P.R. Inc.*, 125 D.P.R. 48 (1989); *Rodríguez Juliá v. Registrador*, 99 D.P.R. 275 (1970); *López Rivera v. Autoridad Fuentes Fluviales*, 89 D.P.R. 414 (1964).

■ El Art. 1.016 de la Ley Electoral vigente, *supra*, dispone que "[l]os términos dispuestos en este Artículo serán *mandatorios*". (Énfasis suplido.) Leyes de Puerto Rico, *supra*.

■ La utilización de dicho lenguaje, unido al propósito de resolver con prontitud las controversias electorales cobijadas por este artículo, nos hace concluir que la intención legislativa consistió en disponer que el término de diez (10) días para la revisión judicial de las decisiones de la Comisión fuera de carácter jurisdiccional. *Cf.* Bernier y Cuevas Segarra, *op. cit.*, págs. 249–253. Mandatorio es sinónimo de mandato, orden o precepto. Véase *Diccionario de sinónimos y antónimos de la lengua española*, España, Ed. Ortells, 1985, pág. 644. Por ello, a la parte afectada por una determinación de la Comisión, el Art. 1.016 de la Ley Electoral vigente, *supra*, le ordena y manda que presente su escrito de revisión, dentro de los diez (10) días posteriores a la notificación de tal determinación, ante el Tribunal Superior so pena de desestimación por falta de jurisdicción.

## VI

En el caso de autos, el Frente presentó su recurso de revisión de la decisión administrativa de la Comisión ante el Tribunal Superior el miércoles 12 de abril de 1989, o sea, doce (12) días luego de que le fuera notificada la determinación donde se le negaba su certificación como partido político local para los pre-

---

procesal general no puede ampliar un término jurisdiccional dispuesto por una ley especial." (Énfasis suplido.) *Gobernador de P.R. v. Alcalde de Juncos*, supra, pág. 532.

cintos noventa y cinco (95) y noventa y seis (96) del Municipio de Río Grande. El foro de instancia determinó que no tenía jurisdicción por entender que el término de diez (10) días dispuesto en el Art. 1.016 de la Ley Electoral vigente, *supra*, era jurisdiccional y no podía ser ampliado por la extensión de los tres (3) días que provee la Regla 68.3 de Procedimiento Civil, *supra*, cuando la notificación de la determinación se efectúa por correo. No cometió error al así actuar.

Por los fundamentos expuestos, *se dictará sentencia confirmatoria.*

El Juez Asociado Señor Rebollo López no intervino.