SOCIEDAD DE GANANCIALES ROSA MARÍA QUILES y ARMANDO RIVERA PABÓN, demandantes y recurridos, *v.* AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, demandada y recurrente.

*Número:* R-63-24    *Resuelto:* 16 de octubre de 1964

*José Antonio Arabía,* y *Carlos Santos Correa,* abogados de la recurrente; *Guillermo Bauzá,* y *M. Bauzá Rolón,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Los esposos don Armando Rivera Pabón y doña Rosa María Quiles fijaron su domicilio en la Avenida Ponce de León #27 del barrio Amelia de Guaynabo, allá para el primero de julio de 1961. La vivienda estaba servida de energía eléctrica por la recurrente en virtud de un contrato suscrito por el anterior inquilino don Santiago Figueroa. En agosto de 1961 la recurrente suspendió dicho servicio por falta de pago. El 25 de agosto del mismo año, el inquilino Sr. Rivera Pabón pagó a la recurrente la cantidad adeudada más $1.00 por concepto de reinstalación del servicio. No fue hasta el día 22 de septiembre de 1961 que la recurrente suministró nuevamente energía eléctrica a la residencia del Sr. Rivera Pabón. Por su negligencia en demorar el cumplimiento de su obligación de suministrar energía eléctrica, el Tribunal de instancia condenó a la recurrente a pagar a los esposos demandantes, en concepto de daños y perjuicios la suma de $1,000 más las costas.

Sostiene la recurrente que dicho tribunal erró 1) al resolver que la recurrente se obligó a reinstalarle el servicio eléctrico a los demandantes, 2) al declarar sin lugar la moción de desestimación de la demanda, y 3) al concluir que no fue hasta el 21 de octubre de 1961 que dicho servicio quedó reinstalado.

Los dos primeros señalamientos están predicados en que los esposos demandantes no tenían contratos firmados con la recurrente para el suministro de energía eléctrica en su residencia ya que el contrato figuraba a nombre del anterior inquilino Figueroa, y que por tanto no existían nexos contractuales entre las partes, ni venía ella obligada a reinstalarle tal servicio. Resulta de la prueba que en el caso de

los esposos demandantes la recurrente hizo una excepción a su política general de suministrar energía eléctrica solamente a las personas que firman un contrato para ello pues al aceptar el pago de la deuda contraída por Figueroa les cobró por la reinstalación del servicio. La conclusión del Tribunal de instancia al efecto de que la recurrente se obligó a reinstalarle el servicio de energía eléctrica a los demandantes inmediatamente después que cobró el cargo para ello, o sea, en 25 de agosto de 1961, está sostenida por la prueba. Tampoco resulta justificación para la demora en la reinstalación de dicho servicio, por lo que no es errónea, la sentencia que condena a la recurrente a pagar los daños sufridos por los demandantes como consecuencia de su morosidad en el cumplimiento de su obligación.

■ El tribunal sentenciador concluyó erróneamente que no fue hasta el 21 de octubre de 1961 que la recurrente reinstaló el servicio de energía eléctrica a los demandantes cuando la prueba lo que demuestra es que dicho servicio fue reinstalado el 22 de septiembre del mismo año. *Si consideramos que el tribunal a quo concedió a los demandantes $1,000 por los sufrimientos o angustias mentales como únicos daños probados ya que se equivocó al determinar el período de tiempo durante el cual los demandantes sufrieron tales angustias mentales, la indemnización debe ser reducida a $500 y así modificada la sentencia, será confirmada.*