Nelson Escalona Vicenty, peticionario, *v.* Comisión Estatal de Elecciones et al., recurridos.

*Número:* JO-84-8          *Resuelto:* 7 de junio de 1984

*Nelson Escalona Colón,* abogado del aspirante; *Mariano Canales Delgado,* abogado de los recurridos.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

Nelson Escalona Vicenty, como aspirante a uno de los dos puestos de candidato a Senador por el Distrito Núm. 5 de Ponce del Partido Nuevo Progresista, instó ante este Tribunal un recurso de *mandamus* contra la Comisión Estatal de Elecciones. Alegó que de 4,000 peticiones de primarias exigidas por el Art. 4.009 de la Ley Electoral, [1] presentó aproxi-

---

[1] Reza:

"Salvo lo dispuesto en este Subtítulo, cualquier elector que desee concurrir a unas primarias, deberá radicar ante la Comisión peticiones de primarias en cantidad no menor de veinticinco (25) peticiones, o del cinco por ciento (5%), el cual sea

madamente 2,000 antes de las doce del mediodía del 17 de abril, último día hábil,[2] y el remanente de 2,269 papeletas a las 2:30 de esa tarde. Trece (13) días después, el 30 de abril, la Comisión rechazó y le devolvió 196 papeletas. Escalona Vicenty las sustituyó.

Transcurrió el tiempo. Al ver que no se emitía decisión en su caso, el 11 de mayo solicitó que se validaran todas las peticiones. Ese día la Comisión celebró una vista. El asunto quedó sometido. Otra vez el tiempo pasó. Al no recibir contestación, el 22 de mayo presentó el recurso de *mandamus* que nos ocupa. El 24 de mayo concedimos a la Comisión cinco (5) días para expresarse. Al otro día, la Comisión actuó y denegó la validación de papeletas. Inconforme, Escalona Vicenty nos dió conocimiento de ese dictamen, lo objetó y suplicó que con urgencia resolviéramos favorablemente su candidatura. El 1ro de junio la Comisión compareció.

I

■ Según antes relacionado, en vista de que la Comisión, aunque con cierta tardanza resolvió, de ordinario, técnicamente podríamos negarnos a ejercer jurisdicción

---

mayor, del total de votos obtenidos por su partido en las elecciones generales precedentes, para el mismo cargo electivo a que aspire. Para los cargos de asambleístas municipales la Comisión determinará por reglamento el número mínimo o el por ciento de peticiones que cada candidato deberá radicar tomando en consideración la población electoral de cada muncipio. La cantidad de peticiones requeridas en ningún caso será mayor de diez mil (10,000), ni se podrá radicar más del ciento diez por ciento (110%) de peticiones válidas en cada caso.

"A los efectos de esta sección, cuando un candidato a alcalde radique su candidatura junto a un grupo de candidatos a asambleístas, se entenderá que representan una sola candidatura agrupada.

"(a) *Se podrán radicar tales peticiones hasta el mediodía del 15 de abril del año en que deban celebrarse unas elecciones generales.*

"(b) Los partidos por petición y los que no tengan funcionarios electos para un cargo específico en la elección precedente, usarán como base del requisito de radicación en cada caso el número de peticiones requeridas para inscribir un partido por petición en la jurisdicción de cada posición o candidatura." (Énfasis suplido.) 16 L.P.R.A. sec. 3159.

[2] Los días 15 y 16 de abril fueron festivos. Por ende el término se extendió hasta el 17.

original, declarar académico el *mandamus* y exigir del peticionario Escalona Vicenty que agotara los trámites procesales ante dicho organismo administrativo o ante el foro judicial de instancia correspondiente. Sin embargo, en consideración al gran interés que reviste su planteamiento y al poco tiempo que resta para que se celebre el proceso primarista —10 de junio— justificadamente hemos de prescindir de ese enfoque y adjudicar en sus méritos su reclamo. Véanse *Vda. de Iturregui* v. *E.L.A.*, 99 D.P.R. 488, 492 (1970); *Quiñones* v. *A.C.A.A.*, 102 D.P.R. 746, 750 (1974).

## II

Su petición se basa en un análisis dual originado en el texto del Art. 4.013 de la Ley.[3] Esta disposición, en lo pertinente, concede a la Comisión diez (10) días para evaluar, rechazar y devolver a cualquier aspirante toda papeleta, bajo apercibimiento de estimarse aceptada. Primeramente alega que las 196 peticiones devueltas por la Comisión quedaron validadas automáticamente al no habérselas remitido dentro de 10 días de ser presentadas. En segundo

---

[3] Dispone:

"El Presidente en unión al Comisionado Electoral del partido concernido, *pasará juicio sobre la validez de las Peticiones de Primarias presentadas. Tendrán hasta las doce (12) del mediodía del décimo día natural siguiente a la radicación de una petición para evaluar y rechazar la misma mediante devolución al aspirante. Toda petición no rechazada dentro de dicho término se tendrá por aceptada y tendrá que acreditársele al aspirante que la radicó.*

"Durante los últimos quince (15) días del período de radicación, si la devolución de peticiones afectara la certificación del aspirante, éste tendrá un período de diez (10) días desde la devolución para sustituir las peticiones devueltas.

"Las razones para rechazar una petición serán las siguientes:

"(a) Que el peticionario no es un elector afiliado al partido del candidato, o no es elector de ese precinto; o

"(b) Que la petición está incompleta; o

"(c) Que el peticionario ya ejercitó su derecho de petición con otro aspirante al mismo cargo; o

"(d) Que el peticionario agotó su derecho de petición para todos los candidatos a que tiene derecho en su precinto. El Presidente expedirá una certificación de los aspirantes, que habiendo completado los requisitos necesarios, figurarán en la papeleta correspondiente." (Énfasis suplido.) 16 L.P.R.A. sec. 3163.

término, argumenta, que por igual razón, las restantes papeletas, inclusive las 2,219 presentadas *tardíamente*, también quedaron aceptadas al no ser objetadas. Finaliza su ruego exponiendo que al quedar validadas todas esas peticiones procedía que la Comisión lo certificara.

No tiene razón. La tesis del peticionario Escalona Vicenty de que existe un deber ministerial de la Comisión en certificarle como aspirante, debido al automatismo adjudicativo prescrito en el Art. 4.013, no es correcta.

■ Ciertamente la ley decreta ipso jure válida toda petición que la Comisión no devuelva dentro del término de 10 días. Sin embargo, la aplicación de ese precepto inexorablemente tiene que descansar sobre la premisa de que tales peticiones han sido radicadas en la Comisión a tiempo, en este caso, en o antes del mediodía del 17 de abril de 1984. No podemos sostener una convalidación jurídica innecesaria de papeletas que ab initio no cumplan con la ley. Resolvemos que para que opere el automatismo del Art. 4.013 es *condictio juris* la radicación a tiempo de las papeletas.

El peticionario Escalona Vicenty no cumplió con lo dispuesto en el Art. 4.009(a). Sólo presentó algunas peticiones de primarias a tiempo. Las otras 2,219 las llevó por la tarde, ya vencido el término. Sobre estas últimas no opera el precepto de ley. La Comisión no venía obligada a observar el término de 10 días del Art. 4.013 para rechazarlas.

*Se dictará sentencia que declare que el peticionario Nelson Escalona Vicenty no cumplió con los requisitos de ley para ser aspirante al puesto de candidato a Senador por el Distrito Núm. 5 de Ponce.*

El Juez Asociado Señor Rebollo López no intervino.