Arbona Lago, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La apelante, Sra. Nydia Barreto González recurre contra sentencia emitida el 3 de septiembre de 1997 por el Tribunal de Primera Instancia, Sala Superior de Carolina, mediante la cual se desestimó la demanda instada por ésta contra la Autoridad de Acueductos y Alcantarillados y se declaró con lugar la reconvención instada por la demandada condenando a la demandante-apelante al pago de $4,840.32, más $1,000 en honorarios de abogado. Confirmamos.
Hechos
El 24 de junio de 1993 la Sra. Nydia Barreto González (en adelante la demandante-apelante) presentó demanda contra la Autoridad de Acueductos y Alcantarillados (en adelante A.A.A).. En síntesis, reclamó que es dueña del apartamento 4-H en el Condominio Isla Verde Tower. La demandada (A.A.A). le estaba facturando la suma de $6,812.53 por concepto de servicio de agua y *1178 alcantarillado durante un período de tiempo en que su apartamento había estado cerrado. Alegó también que la demandada se había negado a reinstalarle el servicio de agua, lo cual le había causado daños valorados en $25,000. Solicitó que se ordenara la reinstalación del servicio de agua en lo que se resolvía la controversia.
El 8 de julio de 1993 la A.A.A. solicitó la desestimación de la demanda aduciendo que el Tribunal carecía de jurisdicción sobre el asunto porque la parte demandante-apelante no había agotado los remedios administrativos dispuestos en el artículo 3.04 del Reglamento sobre los Servicios de Agua y Alcantarillado y la Ley -33 del 27 de junio de 1985, 27 L.P.R.A. § 262, conocida como Ley para Establecer Requisitos Procesales para la Suspensión de Servicios Públicos Esenciales, El 16 de agosto de 1993 la demandada presentó contestación a la demanda. Entre otras defensas afirmativas alegó que el alto consumo reflejado en las facturas se debía a que existían desperfectos en la tubería de la demandante, que debían ser reparados por ésta. Posteriormente la A.A.A. presentó contestación a la demandada enmendada y reconvencionó contra la demandante por la cantidad de $4,840.20.
Luego de los trámites procesales de rigor, el 3 de septiembre de 1997 el Tribunal de .Primera Instancia dictó la sentencia apelada; Resolvió que la demandante había solicitado el servicio de agua desde el 21 de junio de 1991 y en la factura de 1ro. de septiembre de 1992 ésta fue notificada del procedimiento administrativo diseñado para reclamar, en caso de desacuerdo con los cargos facturados. El aviso de suspensión fue enviado un mes más tarde y en octubre de 1992 le fue suspendido el servicio; no obstante, no hizo reclamación alguna por espacio de un año. El foro de Instancia tampoco adjudicó valor probatorio al testimonio de la demandante en cuanto a que la llave de paso de agua del apartamiento estaba cerrada, ya que ésta nunca pudo precisar cuándo fue que la cerró. Por todo ello, concluyó que los daños reclamados por la demandante, a raíz de haber sido privada del servicio de agua, eran de su exclusiva responsabilidad y que le correspondía pagar a la demandada $4,480.20 por servicios, las costas, gastos del proceso y $1,000 de honorarios de abogado.
Inconforme la demandante presentó escrito de apelación ante este tribunal, e imputa la comisión de los siguientes errores:

"PRIMER ERROR

Incurrió en error el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al concluir que la apelante no siguió el procedimiento administrativo que provee la Ley 33 del 22 de junio de 1985, 27 L.P.R.A. 262, et. seq.

SEGUNDO ERROR

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, en su apreciación de la prueba al determinar que las altas lecturas de consumo de agua objetada por la apelante fueron provocadas por un liqueo en el inodoro del apartamento de ésta.

TERCER ERROR

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al declarar con lugar la reconvención instada por la apelada.

CUARTO ERROR

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al imponerle a la apelante el pago de $1,000 por concepto de honorarios de abogado. ”

Sostiene la demandante-apelante que contrario a lo señalado por el tribunal en la sentencia, realizó un sinnúmero de gestiones encaminadas a impugnar la cuantía de las facturas, esto es, que no sólo agotó los remedios administrativos de la A.A.A. sino que además acudió a otras agencias con el r.. .pósito de que atendieran su reclamo. Añade que el servicio de agua fue interrumpido en marzo de 1993 y no en octubre de 1992 como concluyó el tribunal. Aduce que el defecto en el inodoro fue ocasionado por causa de la remodelación que efectuó a partir de marzo de 1993 y que otros *1179 apartamientos del condominio han reportado deficiencias en la facturación, lo que significa que el sistema de facturación de la A.A.A. no es confiable. Señala que no fue temeraria en la tramitación del pleito y que por lo tanto no proceden los honorarios por temeridad.
El 18 de diciembre de 1997, la A.A.A. presentó oposición al escrito de apelación. En síntesis, sostiene que las gestiones señaladas por la demandante no perseguían impugnar las facturas y acogerse al procedimiento administrativo, sino que fueron hechas en marzo de 1993 con el propósito de reinstalar el servicio de agua. Argumenta que la demandante-apelante alega que le suspendieron el agua desde marzo de 1993, para sostener que sus gestiones comienzan desde que se le suspendió el servicio, lo cual es totalmente falso. En cuanto a los otros señalamientos de error argumenta que la prueba demostró que el inodoro estaba defectuoso, pues aunque en la inspección realizada en marzo de 1993 no se pudo determinar defecto alguno, ello fue porque no había agua en el apartamento, pero en la inspección realizada en mayo de 1993 se detectó que el inodoro del apartamento estaba defectuoso. En cuanto a la reconvención informa que la cantidad de $4,480.20 es líquida y exigible y que la imposición de honorarios por temeridad responde a la actitud frívola y temeraria de la demandante durante el proceso.
El escrito de apelación fue presentado el 17 de noviembre de 1997. Entendemos que la exposición de hechos comprendida en las "Determinaciones de Hechos" (5 páginas) de la sentencia recurrida es considerada como correcta por la apelante, toda vez que no se ha recurrido a la exposición de la prueba oral, conforme lo requieren las Reglas 16(C)(3), 19, 20 y 76 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII(A), en el término autorizado. El 18 de diciembre de 1997 la A.A.A. presentó "Oposición a Escrito de Apelación". La causa está sometida y debemos resolver.
Exposición y Análisis
Surge de autos que la demandante-apelante es dueña del apartamento 4-H del condominio Isla Verde desde 1979. Se ausenta de Puerto Rico desde 1989 hasta el 1993 y el apartamento quedó desocupado, a excepción de un breve período en que el Sr. Torres lo vivió sin autorización de la demandante-apelante, pero pagó por el servicio de la A.A.A. Durante la ausencia de la demandante-apelante su amiga, Sra. Paula Angela Madrigal, se hacía cargo de la correspondencia y facturas. El consumo de la A.A.A. comenzó a subir después del año 1990, y a pesar de que la persona a cargo tenía las llaves del apartamento no entró para verificar porqué. Luego dejó de pagar las facturas y en octubre de 1992 fue suspendido el suministro por la A.A.A. En marzo de 1993 regresó la demandante-apelante y empezó a remodelar el apartamento para habitarlo. Solicitó la reinstalación del servicio a la A.A.A. y se le denegó hasta que saldara la deuda que ascendía a $6,812.53. La demandante-apelante demandó a la A.A.A. y ésta reconvino por dicha suma, que luego enmendó a $4,840.20.
Instancia resolvió a favor de la A.A.A. e impuso $1,000 por temeridad. Indicó que la demandante-apelante no cumplió con el trámite administrativo de la Ley 33 de 27 de junio de 1985, 27 L.P.R.A. 262 (respecto a la facturación) de lo que fue advertida en la factura del 1 de septiembre de 1992, antes de la suspensión del servicio en octubre de 1992 y que la inspección que se hizo del apartamento el 19 de marzo de 1993 por el Sr. Ramos Rivera; Inspector de la A.A.A., demostró que el contador estaba bien y que un inodoro del apartamento estaba defectuoso y filtraba agua. El Tribunal concluyó que antes de la suspensión del servicio, en octubre de 1992, no se cerró la llave de paso del apartamento.
Es reiterada la norma en esta jurisdicción respecto a que el dictamen de un tribunal de apelaciones no puede basarse en hechos presentados por las partes en sus alegatos, teniendo siempre que atenemos a las conclusiones fácticas del foro de instancia, a la transcripción de evidencia o la exposición narrativa de la prueba. E.L.A. v. Mercado, 104 D.P.R. 784 (1976). Lo medular en este trámite de apelación atañe al testimonio oral; por ello, a falta de la reproducción de la prueba ante Instancia por uno de los métodos autorizados y ya señalados debemos atenernos a las Determinaciones de Hechos del dictamen. Como se sabe, respecto a la prueba oral no estamos en igual posición que el Tribunal de Instancia como cuando se trata de prueba documental, Torres Arzola v. Policía, 117 D.P.R. 204 (1986); Chase Manhattan Bank v. Emmanuelli, 111 D.P.R. 708 (1981); Castillo v. Maldonado, 95 *1180 D.P.R. 885 (1968).
Es también reiterada la norma que impide la intervención con la apreciación de Instancia en ausencia de la demostración de pasión, prejuicio, parcialidad o error manifiesto que a la luz de un análisis integral de la prueba así lo requiera.
A tal efecto en Quiñones v. Manzano, 141 D.P.R. _ (1996), 96 J.T.S. 91, se resolvió:
"Es norma claramente establecida por este Tribunal que en ausencia de error manifiesto, pasión, prejuicio o parcialidad no intervendremos a nivel apelativo con las determinaciones de hechos y adjudicación de credibilidad hecha en instancia por el juzgador de los hechos." Vélez Reboyras v. Srio. de Justicia, 115 D.P.R. 529 (1984); Ortiz v. Cruz Pabón, 103 D.P.R. 939 (1975); Rodríguez v. Concreto Mixto, Inc., 98 D.P.R. 579 (1970); Pueblo v. Pintos Lugo, Opinión y Sentencia de 10 de noviembre de 1992, 92 J.T.S. 151; Pueblo v. Rodríguez Román, Opinión y Sentencia de 21 de febrero de 1991, 91 J.T.S. 26."
Véase también López- Vicil v. I.T.T. Intermedia, 97 J.T.S. 42. En Pueblo v. Cabán Torres, 117 D.P.R. 645, 648 (1986) se dijo:

"...no intervendremos con la apreciación y adjudicación de credibilidad que en relación con la prueba testifical haya realizado el juzgador de los hechos a nivel de instancia excepto en casos en que un análisis integral de dicha prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que estremezca nuestro sentido básico de justicia; correspondiéndole al apelante —de manera principal— señalar y demostrar la base para ello. Lo contrario, esto es, la intervención indiscriminada con la adjudicación de credibilidad que se realiza a nivel de instancia significará el caos y la destrucción del sistema judicial existente en nuestra jurisdicción."

Dictamen
Conforme a lo expuesto, confirmamos el dictamen de Instancia.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 108
1. En ella se dispone de un procedimiento administrativo para la suspensión del servicio por falta de pago el cual comienza concediéndole al abonado 15 días, contados a partir del envío de la factura, para pagar u objetar y radicar una reclamación ante la oficina comercial que atiende la cuenta.