TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos la Autoridad de Energía Eléctrica de Puerto Rico, en adelante, A.E.E., solicitando la revocación de una Sentencia emitida por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Comerlo. Mediante dicho dictamen, el tribunal a quo declaró Con Lugar la demanda incoada por Rafael A. Soto Silva.
Por las razones que expondremos a continuación, se confirma la Sentencia apelada.
I
Conforme surge del recurso ante nuestra consideración, el licenciado Rafael A. Soto Silva, en adelante, licenciado Soto, interpuso demanda sobre daños y perjuicios el 21 de junio de 2001 contraía A.E.E. En dicho escrito, alegó ser dueño de un predio en el Barrio Alto de- Doña Elena, en el Municipio de Comerío. En la mencionada finca, está ubicada la residencia principal del licenciado Soto, así como una segunda casa. El licenciado Soto dedicaba esta última casa a alquiler.
En octubre de 1998, tras el paso del Huracán Georges, se afectaron los cables de alta tensión que sirven la propiedad del licenciado Soto. El restablecimiento del servicio eléctrico a la residencia principal fue realizado dentro de un período razonable de tiempo, pero no así las demás áreas de la propiedad, incluyendo la segunda *816 residencia.
Transcurrido tres meses, sin que los servicios de electricidad fueran reanudados en el inmueble en controversia, el licenciado Soto se comunicó con la sección de servicio de la A.E.E. En febrero de 2000, luego de varias gestiones infructuosas, comenzaron las obras de reconexión. Dichas obras se limitaron a levantar el cable que estaba en el suelo.
Se adujo en la demanda, además, que tras el restablecimiento del servicio, uno de los transformadores, donde está sita la segunda residencia, comenzó a derramar desde su interior un material tóxico. Personal de la A.E.E. removió dicho transformador y limpiaron el material tóxico. Asimismo, se inspeccionaron los demás transformadores removiéndose otros por iguales razones.
Se alegó que al momento de presentar la acción de autos, a saber dos (2) años desde que fuera removido el transformador, el mismo no había sido reemplazado. Como consecuencia de lo anterior, se le imputó negligencia a la A.E.E. por no haber reemplazado el transformador que brindaba servicio de electricidad a la propiedad del licenciado Soto, a pesar de las múltiples gestiones realizadas por éste. En su consecuencia, el licenciado Soto sostuvo que se había visto imposibilitado de alquilar la residencia y darle mantenimiento. Se reclamó la cantidad de $15,000 en compensación por dichas pérdidas y $5,000 en honorarios de abogado.
El 19 de septiembre de 2001, la A.E.E. presentó alegación responsiva. Trabada la controversia, y luego de los trámites procesales de rigor, la vista en su fondo se celebró el 21 de mayo de 2002. Evaluada la prueba presentada, el tribunal a quo emitió Sentencia el 11 de julio de 2002, notificada el 9 de agosto de 2002. Mediante dicho dictamen, declaró Con Lugar la demanda interpuesta. En su consecuencia, condenó a la A.E.E. a pagar la cantidad de $11,550 por los daños causados. Asimismo, ordenó a la A.E.E. satisfacer las costas, gastos y $1,500 por concepto de honorarios de abogado.
Ihconforme con dicha determinación, la A.E.E. acude a este Tribunal. Con el beneficio de la comparecencia del licenciado Soto, procedemos a resolver.
II
En su escrito, la A.E.E. alega que incidió el Tribunal de Primera Instancia al concluir como cuestión de derecho que la A.E.E. fue negligente en el caso de autos; al no aplicar los términos del Reglamento sobre Términos y Condiciones Generales para el Suministro de Energía Eléctrica y al no relevar a la agencia de responsabilidad por la reclamación instada conforme las disposiciones del mismo; y al imponer honorarios de abogado sin haber concluido que dicha parte fue temeraria en el trámite del caso conforme es requerido por el ordenamiento procesal vigente.
III
Cuando un abonado suscribe el contrato de servicio provisto por la A.E.E. queda sujeto a lo dispuesto en el Reglamento Núm. 3283 del 18 de febrero de 1986, conocido por Términos y Condiciones Generales para el Suministro de Energía Eléctrica, en adelante, el Reglamento, creado al amparo de la Ley Núm. 83 de 2 de mayo de 1941, según enmendada, conocida como “Ley de la Autoridad de Energía Eléctrica de Puerto Rico”, 22 L.P.R.A. sec. 191 et seq. El Reglamento dispone los términos y condiciones del contrato de suministro suscrito entre la A.E.E. y el consumidor. Mediante éste, el abonado se compromete, en términos generales, a pagar la tarifa uniforme por unidad de consumo según establecida por la A.E.E., así como a proteger el equipo que se instale en su propiedad para poder brindar el servicio de energía eléctrica. La A.E.E., en cambio, se obliga a brindar un servicio eficiente, confiable e ininterrumpido. Véase, Reglamento, Apéndice III, págs. 23-47.
No obstante, la Sec. X del referido Reglamento dispone que en aquellos casos en que la A.E.E. se vea obligada a interrumpir el servicio de electricidad sin previa notificación para reparaciones de emergencia, *817 mejoras al sistema eléctrico, huelgas e insurrecciones, mandatos de las autoridades municipales, estatales o federales, causas de fuerza mayor, actos de la naturaleza, enemigos públicos, o cuando ocurren situaciones de peligrosidad que amenazan la vida y/o propiedad de la ciudadanía, tales interrupciones no constituirán una infracción al contrato de parte de la A.E.E. y ninguno de sus empleados será responsable de cualquier interrupción en el suministro de energía eléctrica por tales motivos. La A.E.E. usará toda su diligencia y medios para restablecer el servicio de acuerdo con el contrato. Siempre que sea posible, la A.E.E. notificará al abonado de cualquier interrupción del servicio.
Por otro lado, el Art. 1054 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 1054, impone la obligación de indemnizar a aquellos que en el cumplimiento de sus obligaciones incurran en dolo, negligencia o morosidad, los que de cualquier modo contravinieren al tenor de aquéllas. Añade más adelante el mismo texto legal que: “La culpa o negligencia del deudor consiste en la omisión de aquella diligencia que exija la naturaleza de la obligación y corresponda a las circunstancias de las personas, del tiempo y del lugar." Continúa el mismo precepto señalando que “cuando la obligación no exprese la diligencia que ha de presentarse en su cumplimiento, se exigirá la que correspondería a un buen padre de familia”. Art. 1057 del Código Civil, supra.
En las acciones basadas en incumplimiento de contrato, el deudor de buena fe habrá de indemnizar por los daños y perjuicios que haya previsto o que se haya podido prever al tiempo de constituirse la obligación y que sea consecuencia necesaria de su falta de cumplimiento. Art. 1060 del Código Civil, supra. Una daño es previsto si resulta una consecuencia clara del quebrantamiento contractual. Camacho v. Iglesia Católica, 72 D.P.R. 353 (1951).
El Código Civil distingue entre la acción ex delicto o de responsabilidad extracontractual, al amparo del Art. 1802, y las acciones ex contractu, o de responsabilidad contractual, regida por el Art. 1054 del Código Civil, 31 L.P.R.A. §3018. Ambas acciones surgen de una conducta antijurídica, bien por violar las cláusulas contractuales o bien por infringir el principio general de no causar daño. La diferencia entre ambas acciones usualmente se determina luego de analizar la naturaleza de la relación jurídica previa a los daños.
El Tribunal Supremo ha determinado que solamente prosperará una acción por daños contractuales como consecuencia de la violación de una obligación específicamente pactada. Es decir, que el daño no ocurriría sin la existencia del contrato. Ramos Lozada v. Orientalist Rattan Furniture, Inc., 130 D.P.R.712 (1992). Concluye en dicho caso que “resulta procedente una reclamación de daños extracontractuales como resultado del quebrantamiento de un contrato, si el hecho causante del daño constituye una violación del deber general de no causar daño a otro, y, a la vez, incumplimiento contractual”. Id.
Finalmente, es norma claramente establecida por el Tribunal Supremo de Puerto Rico que en ausencia de error manifiesto, pasión, prejuicio o parcialidad no se intervendrá a nivel apelativo con las determinaciones de hechos y adjudicación de credibilidad hecha en instancia por el juzgador de los hechos. Argüello López v. Argüello García, 154 DPR _ (2001), 2001 J.T.S. 127; Trinidad v. Chade, 153 D.P.R. _ (2001), 2001 J.T.S. 10; Quiñones López v. Manzano Pozas, 141 D.P.R. 139 (1996); Orta v. Padilla, 137 D.P.R. 927 (1995); Vélez v. Srio. de Justicia, 115 D.P.R. 529 (1984).
IV
Dentro del marco jurídico antes enunciado pasemos a dilucidar la presente controversia.
La A.E.E. nos plantea, con relación al primer error, que incidió el Tribunal de Primera Instancia al concluir que sus actuaciones y omisiones fueron de naturaleza negligente que justificaban la imposición de negligencia. Argumentan que la remoción de los transformadores no puede constituir el acto negligente, toda vez que los mismos estaban defectuosos. Plantean que, por lo tanto, solamente la tardanza en reemplazar los mismos y restablecer el servicio podría dar lugar a la actuación negligente que justifique la imposición de responsabilidad *818 al amparo del Art. 1802 del Código Civil de Puerto Rico, supra. Sin embargo, entienden que dicha tardanza, evaluada a la luz de las disposiciones del Art. 1802, supra, no sostiene la determinación de que la agencia íue negligente. La tardanza aludida fue consecuencia directa de la necesidad de la empresa de atender una situación de emergencia, lo cual obligó a la entidad a establecer prioridades en el restablecimiento del servicio, y administrar sus recursos técnicos, principalmente maquinaria y equipo. También alegan en la discusión del segundo error, el cual discutiremos en conjunto por estar fundamentalmente relacionados, que incidió el tribunal a quo al no aplicar al caso de autos el Reglamento.
De entrada queremos aclarar que la presente acción no es una de daños y perjuicios al amparo del Art. 1802 del Código Civil de Puerto Rico, supra, sino una de responsabilidad contractual regida por el Art. 1054 del Código Civil, supra. El Tribunal Supremo ha expresado que las acciones como la de autos en donde existe un antecedente contractual y la indemnización en daños tiene como base el quebrantamiento o incumplimiento de una obligación contractual son propiamente acciones de responsabilidad ex contractu. El mero hecho de que medie una acción torticera como consecuencia del incumplimiento de la obligación contractual no altera la naturaleza contractual de la acción. Ramos Lozada v. Orientalist Rattan Furniture, supra. Véase, Prieto v. Maryland Casualty Co., 98 D.P.R. 594 (1970); Rosario Quiñones v. Municipio de Ponce, 92 D.P.R. 586, 595 (1965); Camacho v. Iglesia Católica, supra; Arroyo v. Caldas, 68 D.P.R. 689 (1948); Maldonado v. Municipio de Ponce, 39 D.P.R. 247 (1929). Véase, además, Quiñones Sambolín v. Srio. de Hacienda, 91 D.P.R. 75 (1964).
Sin embargo, la mera calificación de daños y perjuicios, en última instancia, no tendría efecto alguno en el resultado final del caso, pues bajo una u otra norma la evidencia aducida ante el tribunal a quo era suficiente para declarar Con Lugar la demanda.
Ciertamente, la Sec. X del Reglamento dispone que la A.E.E. puede interrumpir el servicio en las situaciones de emergencia allí mencionadas, sin que dicha interrupción pueda considerarse una violación al contrato de servicio suscrito por la A.E.E. y el abonado. También es cierto que el paso del Huracán George creó una situación de emergencia en la Isla que justificaba la interrupción del servicio. No obstante, la A.E.E. tenía la obligación de usar toda su diligencia y medios para restablecer el servicio de acuerdo con el contrato suscrito entre las partes. Obligación que no cumplió sin que mediara causa justificada para ello según determinara el tribunal a quo.
Observóse, que no empece a que el licenciado Soto fue razonable en su reclamo ante la agencia, al esperar tres meses antes de reclamarle a la A.E.E. la reconexión del servicio en la propiedad en controversia y de que fue constante en su reclamo por servicio, lo cierto es que la A.E.E. no realizó labor alguna para restaurar las unidades afectadas por el Huracán Georges en los primeros dos años y cuatro meses de transcurrido el mismo. De modo que, cuando la situación de emergencia había sido por demás superada y todos los habitantes de la Isla en general ostentábamos del servicio de energía eléctrica, la residencia en controversia del licenciado Soto no contaba con energía eléctrica. No existía una causa justificada para la falta de diligencia e indiferencia con que la A.E.E. atendió los reclamos del licenciado Soto.
Más aún, cuando se restauró el sistema de energía eléctrica en la propiedad en controversia afectaron un transformador que comenzó a verter un líquido tóxico y retiraron todos los transformadores que servían la propiedad dejando la misma sin energía eléctrica. No es hasta noviembre del 2001 que la A.E.E. instaló un nuevo transformador y restauró el servicio de energía eléctrica en la propiedad. En total la propiedad del licenciado Soto estuvo treinta y seis meses (36) sin energía eléctrica una vez transcurrido el Huracán Georges. Durante todo ese lapso de tiempo el licenciado Soto realizó múltiples gestiones dirigidas a obtener el servicio al que la A.E.E. estaba comprometido a brindarle sin que ninguna de ellas tuviera el resultado esperado, salvo haber instado la presente reclamación el 21 de junio de 2001. Es evidente que la actuación de la A.E.E. no está justificada ni predicada en situación de emergencia o motivo alguno que no sea su propia falta de diligencia.
*819 En consecuencia, no incidió el Tribunal de Primera Instancia al condenar a la A.E.E. resarcir los daños sufridos por el licenciado Soto como consecuencia de su morosidad en el cumplimiento de su obligación.
y
Por último, nos plantea la A.E.E. que incidió el Tribunal de Primera Instancia al imponer honorarios de abogado. Argumentan que las defensas planteadas no son frívolas ni inmeritorias.
La Regla 44.1(d) de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 44.1(d), autoriza al Tribunal a imponer honorarios de abogado cuando una parte o su abogado hubiera procedido con temeridad. Dicho precepto reza:

“(a)...

(d) En caso en que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma-por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.”
El concepto “temeridad’’ no está expresamente definido por la Regla 44; 1(d), supra. Blás v. Hosp. Guadalupe, 146 D.P.R. 267 (1998). Sobre el particular, el Tribunal Supremo ha expresado:
“Un comentarista ha dicho que la “temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. También sujeta al litigante inocente a la ordalía del proceso judicial y lo expone a gastos innecesarios y a la contratación de servicios profesionales, incluyendo abogados, con el gravamen a veces exorbitante para su peculio. ” H. Sánchez, Rebelde Sin Costas, 4 (2) Boletín Judicial 14 (1982).

Id.

El Tribunal Supremo de Puerto Rico ha expresado que la acción que amerita la imposición de este tipo de condena es cualquiera que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o que produzca la necesidad de que otra parte incurra en gestiones evitables. Su propósito es establecer una penalidad al litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamento, obliga a la otra parte, innecesariamente, a asumir molestias, gastos, trabajos e inconvenientes de un pleito. Domínguez Vargas v. Great American Life Assurance Co., _ D.P.R. _ (2002),2002 JTS 110; Jarra Const. v. Axxis Corp., 155 D.P.R. _,2001 JTS 167; Rivera v. Tiendas Pitusa, Inc., 148 D.P.R. _ (1999); 99 JTS 107; Blás v. Hosp. Guadalupe, supra; Fernández v. San Juan Cement Co., Inc., 118 D.P.R. 713, 718-719 (1987).
La imposición de honorarios de abogado es discrecional, pero la Regla 44.1(d) de las de Procedimiento Civil es clara en el sentido de que cuando una parte ha procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado. Raluan Corp. v. Feliciano, 111 D.P.R. 598 (1981), Determinada la existencia de temeridad, la condena de honorarios es imperativa. Montañez Cruz v. Metropolitan Cons. Corp., 87 D.P.R. 38 (1962); Ortiz v. Martorell, 80 D.P.R. 544 (1958); Castro v. Payco, Inc., 75 D.P.R. 63 (1953); Font v. Pastrana, 73 D.P.R. 247 (1952); Hernández v. Caraballo, 74 D.P.R. 29 (1952); Stella v. Bonilla, 65 D.P.R. 542 (1946).
No existe temeridad cuando existe una discrepancia honesta en tomo al derecho aplicable o cuando se trata de una cuestión novel, no resuelta en nuestra jurisprudencia. Soc. de Ganaciales v. Royal Bank of P.R., 145 D.P.R. 178 (1998); Rivera v. A & C Development Corp., 144 D.P.R. 450, 460 (1997).
*820 El Tribunal de Primera Instancia goza de amplia discreción en este tipo de determinaciones. Quiñones López v. Manzano Pozas, supra; Miranda v. E.L.A., 137 D.P.R. 700 (1994); Torres Ortiz v. E.L.A., 136 D.P.R. 556 (1994); Ramírez v. Club Cala de Palmas, 123 D.P.R. 339, 349 (1989). Por su parte, el Tribunal apelativo sólo intervendrá en este tipo de caso cuando el Tribunal de Primera Instancia hubiera abusado de su facultad. Ramos Báez v. Bossolo López, 143 D.P.R. 567 (1997); Cotto Morales v. Ríos, 140 D.P.R. 604 (1996).
Al cuantificar los honorarios de abogado por temeridad, los tribunales pueden tomar en consideración factores tales como la naturaleza del litigio, las cuestiones de derecho envueltas en el caso, la cuantía en controversia, el tiempo invertido, los esfuerzos y actividad profesional que hayan tenido que desplegarse y la habilidad y reputación de los abogados en el caso. Blás v. Hosp. Guadalupe, supra.
El factor determinante en dicha determinación, sin embargo, habrá de ser el grado o intensidad de la conducta temeraria o frívola. Id; Corpak, Art Printing v. Ramallo Brothers, 125 D.P.R. 724, 738 (1990).
En cuanto a los intereses por temeridad, bajo la citada Regla 44.3(b), su imposición está similarmente confiada a la discreción del Tribunal. Quiñones López v. Manzano Posas, supra.
En el caso de autos, el tribunal a quo determinó que la A.E.E. había actuado con frivolidad y le impuso a dicha parte una condena de $1,500.00 por concepto de honorarios de abogado. La A.E.E. no nos ha persuadido que ésta sea excesiva, o que su imposición hubiera constituido un abuso de discreción por parte del Tribunal de Primera Instancia. En estas circunstancias, procede confirmar la determinación apelada. Ramírez v. Club Cala de Palmas, supra.
Vi
Por las razones antes expuestas, se Confirma la Sentencia apelada.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Heana Oquendo Graulau Secretaria General