Díaz, Demandante y Apelante, *v.* Vázquez, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en un procedimiento de *injunction.*

No. 990.—Resuelto en diciembre 19, 1913.

Injunction—Acción para Obtenerlo—Petición de Injunction Durante el Litigio.—De acuerdo con la Ley de *Injunction* de marzo 8, 1906, la parte que desee obtener un *injunction* puede solicitarlo por medio de una acción cuyo único fin sea ese, o como un remedio subsidiario mientras un pleito esté pendiente, por medio de una solicitud incidental.

Id.—Acción para Obtener un Injunction Permanente—Orden del Procedimiento—El Peso de la Prueba Recae Sobre el Demandante.—En una acción cuyo único fin es obtener un *injunction* el orden de los procedimientos es esencialmente igual al de una acción ordinaria y el demandante está obligado a probar sus alegaciones antes que el demandado.

Id.—Procedimiento para Obtener un Injunction Preliminar—Deber del Peticionario de Probar sus Alegaciones.—En la opinión se discute el procedimiento que debe seguirse cuando se solicita un *injunction* preliminar. El peticionario está siempre obligado a probar sus alegaciones antes que el demandado, independientemente de los *affidavits* que hayan presentado las partes en pro y en contra de la solicitud de *injunction* preliminar.

Servidumbres Discontinuas de Paso—Ley de las Siete Partidas—Adquisición por Prescripción.—De acuerdo con la Ley de las Siete Partidas, para adquirir por prescripción una servidumbre discontinua de paso, es necesario demostrar la existencia de dicha servidumbre desde tiempo inmemorial.

Id.—Uso de un Camino—Adquisición de Servidumbre.—Cuando una parte reclama una servidumbre de paso sobre un camino sin demostrar que tal camino sea vecinal ni que se ha obtenido la autorización del municipio ni su uso por tiempo inmemorial, el simple paso por dicho camino o el mandar los niños a la escuela por el mismo no es suficiente para adquirir un derecho de servidumbre sobre él.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Enrique Márquez Huertas.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En este caso la demandante y apelante presentó a la Corte de Distrito de San Juan una petición interesando la expedición de una orden de *injunction.* Las alegaciones esenciales contenidas en la demanda fueron las siguientes:

"1. Que desde 1855, Doña Encarnación Díaz es dueña de una estancia situada en el barrio de Dos Bocas del Municipio de Corozal, por la cual pasa un camino que viene desde atrás o sea del lado Este, y atraviesa un terreno que antes era de Hilario Guzmán, y ahora es desde hace unos tres años, del demandado Pelegrín Vázquez Rivera; y termina en la orilla Oeste de la carretera del Corozal a Barros.

"2. Que ese camino existe desde mucho antes de 1855, pues la demandante lo encontró abierto en ese año, y de entonces acá lo utiliza, siendo el camino corriente que ella y su familia tienen para salir de su estancia y llegar al pueblo por la carretera.

"3. Que el demandado, al poco tiempo de haber adquirido el indicado terreno de Hilario Guzmán por el cual pasaba ese camino, lo ha tapado en estos días sin tener autorización para ello, impidiendo a la demandante el uso de su camino natural, que se ve obligada a pasar por el terreno adjunto que pertenece a Nicolás Rivera, para ir al pueblo."

Celebrada la vista de este caso, la Corte de Distrito de San Juan, Sección Segunda, desestimó la solicitud.

El apelado alega en esta apelación que la Corte de Distrito de San Juan carecía de jurisdicción, pues el verdadero objeto de la acción fué el de establecer una servidumbre de paso; que siendo ése su único fin debió haberse entablado una demanda en forma ordinaria con tal propósito y solicitado el *injunction* como remedio incidental. De acuerdo con la ley de 1906, el demandante puede optar entre procurar que se decrete el *injunction* como fin único de su acción o solicitarlo como remedio secundario. El párrafo 1 de la sección 3 de la Ley de *Injunction* comprende el caso de un pleito entablado principalmente con el solo fin de obtener un *injunction*. El mismo párrafo 1 y los 2 y 3 de la misma sección autorizan en términos categóricos la expedición de un *injunction* durante la pendencia de un litigio. La sección 5 de la misma ley dice:

"Sección 5. Podrá otorgarse un *injunction* en cualquier tiempo antes de haberse dictado sentencia, mediante petición o declaración jurada, siempre que aquélla o ésta en su respectivo caso, demostraren satisfactoriamente que existen motivos suficientes para concederlo."

El objeto principal del caso *Municipio de Gurabo* v. *The Juncos Central Co.*, 18 D. P. R., 408, fué obtener un *injunction* perpetuo en el cual no se formuló la petición en relación con otro remedio. En dicho caso la corte determina la tramitación que deberá observarse para que pueda dictarse la orden de *injunction* perpetuo, expresando además, que en tales casos los procedimientos son sustancialmente idénticos a los que se sigue en el juicio de cualquier otro caso. También llama la atención este tribunal hacia el hecho de que en un pleito en el que se solicite un *injunction* permanente podrá pedirse la expedición de un *injunction* preliminar como cuestión incidental al remedio, sin prejuzgar necesariamente la concesión o negativa del *injunction* perpetuo.

Sin embargo, aun cuando el demandante opte por entablar una demanda sobre *injunction,* tal proceder no variará el orden de la prueba en la celebración del juicio, así como tampoco impondrá al demandado el peso de introducir la prueba. En la mayoría de los casos de *injunction* el demandante presenta declaraciones juradas con el fin de que pueda dictarse la orden de *injunction* preliminar. Al diligenciarse el auto el demandado tal vez formula su contestación acompañándola de declaraciones juradas en oposición a las del demandante, quedando entonces a discreción de la corte el determinar si debe expedirse o nó la orden de *injunction* preliminar, con vista de las declaraciones juradas solamente o después que se haya oído prueba testifical. Véanse los artículos 5 y 10 de la ley de marzo 8, 1906, páginas 83, 84, y siguientes. Este día del diligenciamiento del auto no es el de la vista, a menos que así lo considere la corte y las partes; pero fuere o nó el día de la vista preliminar o el del juicio, el peso de la prueba incumbe al demandante. La contestación que se formula a la orden requiriendo a la parte que exprese las razones que tenga por las cuales no deba decretarse el *injunction* puede ser la contestación a la demanda o la declaración jurada de la persona a quien se trate de poner en entredicho, pero habiéndose presentado dicha contesta-

ción o *affidavit,* todavía está el demandante en la obligación de probar su caso por preponderancia de prueba en cualquier vista o juicio que se celebre. La corte cometió error obligando al demandado a introducir su prueba primeramente, pero como la cuestión quedó resuelta a favor de dicho demandado éste no recibió perjuicio alguno.

Alega el apelado que es insuficiente la solicitud que ha sido presentada en este caso. Realmente no se alega en ella un derecho de servidumbre adquirido por escritura, convenio o concesión de un tribunal, sino que se funda meramente en el supuesto del terreno, con anterioridad al año 1855. Sostiene el apelante que con anterioridad al año 1890, podía adquirirse una servidumbre de paso discontinua por prescripción con arreglo a la ley de las Siete Partidas. Según esta ley era necesario probar la existencia de la servidumbre de paso desde tiempo inmemorial. En la demanda no se ha tratado de alegar de modo alguno, que tal servidumbre existiera desde tiempo inmemorial.

Pero aun cuando la demanda hubiera sido suficiente, incumbiendo al demandante el peso de la prueba, no probó éste que el camino o servidumbre alegado fuera vecinal. No se probó que se hubiera obtenido la debida autorización o permiso del municipio, ni apareció de la prueba que estuviera en posesión el demandante desde tiempo inmemorial. El mero hecho de pasar por un camino o de enviar una persona a sus hijos por el mismo sin demostrarse la manera cómo se hacía esto, ya se hiciera ocultamente o en alguna otra forma, no constituye una alegación suficiente. Sin embargo, el demandado probó que tanto él como sus antepasados habían ejercitado actos de dominio sobre el referido camino, por lo menos en cierta ocasión en que se opusieron a que se transitara por él.

También alega el apelante que dicho camino constituía un paso necesario, pero el apelado por el contrario probó de modo satisfactorio, que el demandante tenía otro sitio por donde podía pasar a la carretera.

Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.